Richard J. Cea, Attorney at Law (RC-6301)
Wingate, Kearney & Cullen
45 Main Street, Suite 1020
Brooklyn, New York 11201
Tel. 718-852-59—Fax 718-852-8168

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| A. GENAO,<br><br>                               Plaintiff,<br><br>         - against -<br><br>BLESSED SACRAMENT SCHOOL a/k/a BLESSED SACRAMENT ELEMENTARY SCHOOL a/k/a CHURCH OF THE BLESSED SACRAMENT SCHOOL & CHURCH OF THE BLESSED SACRAMENT a/k/a BLESSED SACRAMENT CHURCH,<br><br>                               Defendants. | Index No. 07cv3979(RJD)(CLP) |

## MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Defendant, The Roman Catholic Church of the Blessed Sacrament in Jackson Heights s/h/a Blessed Sacrament School a/k/a Blessed Sacrament Elementary School a/k/a Church of the Blessed Sacrament School & Church of the Blessed Sacrament a/k/a Blessed Sacrament Church (the "Church"), submits this Memorandum of Law in Opposition to Plaintiff's Motion for Summary Judgment, and for the reasons set forth herein, respectfully request the motion be denied with prejudice.

### QUESTIONS PRESENTED

1. Is the Plaintiff entitled to additional overtime compensation for time worked in Defendant's New School Building?

Answer: No.

2. If Plaintiff is entitled to additional compensation for overtime worked in Defendant's New School Building, is there a question of fact as to such amount?

Answer: Yes.

## STATEMENT OF FACTS

For the sake of brevity, Defendant-Church respectively requests that the Declaration of Richard J. Cea and Exhibits thereto be deemed restated herein in full as the Statement of Facts.

## SUMMARY JUDGMENT STANDARD

The within motion is one for Summary Judgment pursuant to FRCP 56. A motion for Summary Judgment should only be granted when "there is no genuine issue as to any material fact . . . and the moving party is entitled to a judgment as a matter of law.'" FRCP 56(c); see also Celotex Corp. v Catrett, 477 U.S. 317 (1986); Holt v KMI-Continental, Inc., 95 F.3d 123 (2d Cir. 1996).

Plaintiff as the moving party herein has the burden of setting forth the basis of his motion and demonstrating the absence of a genuine issue of fact as to all aspects of its burden of proof. Celotex Corp., 477 U.S. at 323-24. Only at such a point must the Defendant Church come forward with specific facts that demonstrate that a genuine issue of fact exists that must be resolved by the finder of facts. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-51 (1986).

In evaluating this burden shifting, this Court must "view the evidence in the light most favorable to the party against whom summary judgment is sought and must draw all reasonable inferences in his favor." L.B. Foster Co. v. Am Piles, Inc., 38 F.3d 81, 87 (2d Cir. 1998) This Court "cannot try issues of fact; it can only determine whether there are issues of fact to be

tried." American Mfrs. Mut. Ins. Co. v Am. Broad-Paramount Theatres, Inc., 388 F.2d 272, 279 (2d Cir. 1967); accord Sutera v. Schering Corp., 73 F.3d 13, 15-16 (2d Cir. 1995).

## POINT I

## THE APPLICABLE FEDERAL AND STATE STATUTES

The Plaintiff seeks relief pursuant to two applicable statutes. The first is the Fair Labor Standards Act ("FLSA"). 29 USCS § 207 states in pertinent part:

> (a) Employees engaged in interstate commerce; additional applicability to employees pursuant to subsequent Amendatory provisions.
> (1) Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek…for a workweek longer than forty hours unless such employee receives compensation in excess of the hours above specified at a rate not less than one and on-half times the regular rate at which he is employed.

The FLSA does not require that an employee be paid overtime compensation for working more than 8 hours per day or for working on Saturdays, a Sundays, holidays or the regular days of rest. Plaintiff's entitlement to overtime, if any, under the FLSA is based on the "workweek concept." 29 USCA § 207(a), 29 CFR § 778.103.

New York State does not have a mandatory overtime statute per se. Hornstein v Negev Airbase Constructors, 110 AD2d 884, 885 (2d Dept. 1985). For State purposes the work day is defined as 8 hours. (New York Labor Law § 160.3) However, 12 NYCRR 142-2.2 adopts the federal standard and 12 NYCRR 138-2.2 expressly adopts the 40 hour work week concept. Any claim for back wages under New York state law must be commenced within six years of the cause of action accruing. (NY Labor Law 198.3.)

The Answer herein pleads that the Statue of Limitations bars all recovery prior to August 29, 2005. (See Second Affirmative Defense of the Defendant's Answer.) The FLSA provides for

a two year statute of limitations after the cause of action accrued. (29 USC § 255(a)) An action for monies is deemed to have accrued on the normal pay day upon which the monies were to originally have been paid. (29 CFR § 790.21(b))

Plaintiff apparently concedes, the three year statute of limitations for willful violations does not apply in this action. In McLaughlin v. Richland Shoe Co., 486 U.S. 128 (1988), the Supreme Court applied the definition of willful violation applicable in ADEA cases to those involving the FLSA. Under this definition, Monsignor Kutner, as Plaintiff's direct employer, had to act with knowledge he was violating the FLSA, or at least act with reckless disregard of any violation. Richland Shoe, 486 U.S. at 135. Msgr. Kutner's actions have to be more than just acting without a reasonable basis. Id.

Plaintiff has not come forward with sufficient evidence to show a willful violation. It is undisputed that Msgr. Kutner paid Plaintiff overtime wages for work done at the Church, indicating a desire and intent to comply with the law. The pastor at worst mistakenly believed the School and the Church were two separate employers and that a flat, piece rate payment would suffice for the School work. He simply was not aware of the intricacies of the FLSA. Parish financial records were routinely reviewed by certified public accountants, and Msgr. Kutner believed if there were any violations in how employees were paid, the accountants would have notified him of such. Msgr. Kutner's actions fall well short of the "clearly erroneous" standard for determining willfulness that was adopted by the Second Circuit. See Reich v. Waldbaum, Inc., 52 F.3d 35, 39 (2d Cir. 1995).

The lack of Msgr. Kutner's willfulness also affects the amount of liquidated damages. In the Third Affirmative defense set forth in the Answer, the Defendant pleaded that it acted in good faith and believed all legally required wages were so paid. Under Section 16 of the FLSA,

liquidated damages are mandatory and equal to double the amount of any unpaid overtime assessed against an employer unless an employer can present a limited good faith defense. <u>Ayres v. 127 Restaurant Corp.</u>, 12 F. Supp. 2d 305 (S.D.N.Y., 1998). 29 USC § 260 states in pertinent part:

> If the employer shows to the satisfaction of the Court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the [FLSA}, the court in its sound discretion, award no liquidated damages…

At the very least, the willfulness of the Defendant's actions is an issue of fact to be determined by the finder of fact. Plaintiff has offered no proof on this point. In fact, the Plaintiff disingenuously claims that Defendant consulted with no persons regarding Plaintiff's pay rate, when in fact Defendant's discovery responses explicitly reference the regular consultation with parish accountants.

In his papers in support of the summary judgment motion, Plaintiff cites the ordinary two-year statute of limitations for back wages under the FLSA. As noted above, he has thus conceded that the 3-year statute of limitations for willful violations does not apply in this case. This internally contradictory position – no willful violation alleged for time of accrual, but same is alleged for amount of damages – is merely an effort to claim liquidated damages which the Plaintiff knows he is not entitled to receive. Plaintiff's request for liquidated damages, in any event, should be denied. Should the Court was to find that the Defendant's affirmative defense are technically deficient for any reason whatsoever, it is respectfully requested that any order on the motion herein permit the Defendant to replead same.

## POINT II

### THE MOTION FOR SUMMARY JUDGMENT MUST BE DENIED AS A MATERIAL QUESTION OF FACT EXISTS AS TO WHETHER PLAINTIFF'S PIECE RATE WAGES SATISFIED THE FLSA

Plaintiff asserts that he was entitled to be paid overtime wages on top of the compensation he received for work performed at the School. However, governing regulations do provide that an employee may be paid a combined hourly wage and piece rate, and the piece rate wages may satisfy the FLSA's overtime wage requirements. 29 CFR §§ 778.415, 778.418, 778.420 (2007). Plaintiff's citation to 29 CFR § 778.311 for his claim that the money paid for work he performed at the School would not qualify as overtime pay only provides a partial analysis. Plaintiff conveniently omits the fact that the regulation states while a flat rate paid for special jobs ordinarily is not an "overtime premium," such is distinguishable from "payment at a rate not less than one and one-half times the applicable rate to pieceworkers for work performed during overtime hours, as discussed in §§ 778.415 through 778.421." 29 CFR § 778.311(a).

Plaintiff's tasks at the School were determined by an immediate supervisor; and would amount to a solitary job, such as cleaning a set number of rooms. Although no task was estimated to require more than two hours to perform, and Plaintiff frequently completed the tasks at or quicker than the estimated time, he would nevertheless be paid an amount that ensured he received no less than one and one-half times the minimum wage, if such was calculated at an hourly rate. This pay scheme for work done at a combined hourly and piece rate, contrary to Plaintiff's contention, is authorized by federal regulations, see 29 CFR §§ 778.418(a), 778.420, in order to comply with the FLSA. The statute provides:

> No employer shall be deemed to have violated subsection (a) [of 29 USC § 207, mandating overtime pay for work performed beyond 40 hours per week] by employing any employee for a workweek in excess of the maximum workweek applicable to such employees under such subsection if, pursuant to an agreement

> or understanding arrived at between the employer and the employee before performance of the work, the amount paid to the employee for the number of hours worked by him in such workweek in excess of the maximum workweek applicable to such employees under such subsection—
> (1) in the case of an employee employed at piece rates, is computed at piece rates not less than one and one-half times the bona fide piece rates applicable to the same work when performed during non-overtime hours; or
> (2) in the case of an employee performing two or more kinds of work for which different hourly or piece rates have been established, is computed at rates not less than one and one-half times such bona fides applicable to the same work when performed during non-overtime hours; or
> (3) is computed at a rate not less than one and one-half times the rate established by such agreement or understanding as the basic rate to be used in computing overtime compensation thereunder: Provided, That the rate so established shall be authorized by regulation by the Administrator [Secretary] as being substantially equivalent to the average hourly earnings of the employee, exclusive of overtime premiums, in the particular work over a representative period of time;
> and if (i) the employee's average hourly earnings for the workweek exclusive of payments described in paragraphs (1) through (7) of subsection (e) are not less than the minimum hourly rate required by applicable law, and (ii) extra overtime compensation is properly computed and paid on other forms of additional pay required to be included in computing the regular rate.

29 USC § 207(g) (2007). Plaintiff was compensated at a piece rate for his work at the School which was never less than one and one-half times the minimum wage, and in fact was frequently higher. These rates were determined in advance, with Plaintiff's understanding. Defendant complied with 29 USC § 207(g)(3), and provided all the overtime compensation to which Plaintiff was entitled.

## POINT III

### THE MOTION MUST BE DENIED AS PLAINTIFF HAS FAILED TO ESTABLISH WHAT BACK WAGES, IF ANY, ARE DUE

Plaintiff has not established the average number of hours per week in the past six years he worked that exceeded the 40 hour per week limit for non-overtime wages. A plaintiff seeking back wages under the FLSA must establish that he or she actually worked the claimed overtime hours. Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 687-88 (1946). Even if an

7

employer's records are incomplete, the employee must produce some sufficient evidence of the claimed hours for the court may make a reasonable estimate of the claimed overtime. Id.; Tho Dinh Tran v. Alphonse Hotel Corp., 281 F.3d 23, 31 (2d Cir. 2002); Rivera v. Ndola Pharm. Corp., 497 F. Supp. 2d 381, 388 (E.D.N.Y. 2007). Plaintiff has not come forward with such evidence. Because he has failed to establish a material element of his claim, Plaintiff is not entitled to summary judgment. Liberty Lobby, Inc., 477 U.S. at 248; see also Mt. Clemens Pottery Co., 328 U.S. at 687.

Plaintiff alleges in his Memorandum of Law that he worked an average of 40 hours per week at the Church, and 20 hours per week at the School. As support for this, Plaintiff cites a very brief excerpt from the transcript of Msgr. Kutner's testimony at an unemployment compensation hearing on August 22, 2007. The testimony does indicate that Plaintiff worked an average of 40 hours per week at the Church, as Msgr. Kutner testified that Plaintiff generally began work at 6:00 a.m. and would continue until 3:00 p.m., with an hour off each day for lunch. Assuming arguendo he worked five days each week, this would come to 40 hours per week. No party contests such nor does either party contest that Plaintiff was paid overtime rates when he worked in excess of 40 hours at the Church.

What the record thus far developed does not establish, however, is the average hours per week Plaintiff worked at the School. The claimed average of 20 hours presumably arises from the following exchange between Plaintiff's counsel and Msgr. Kutner:

> Q. And then after 3 he'd go to the school and he's [sic] work for an additional four hours?
> A. And if the school was not in session then he was free to leave.

Quite simply, Msgr. Kutner's testimony does not confirm that Plaintiff worked at the School five afternoons a week, four hours an afternoon. That appears only in the attorney's question, and "it

8

is black letter law that questions asked by counsel are not evidence." Washington v. Schriver, 255 F.3d 45, 61 (2d Cir. 2001). The claim by Plaintiff that this exchange is proof of his average overtime hours is ludicrous, as it puts words in the Monsignor's mouth, "incorrectly attribut[ing] to him testimony which is not his." See U.S. v. DeFillipo, 590 F.2d 1228, 1239-40 (2d Cir. 1979). Msgr. Kutner was not present when Plaintiff worked in the School and thus has no personal knowledge (Ex. "F") Plaintiff would apparently have the Court draw an inference from Msgr. Kutner's answer that Plaintiff averaged 20 hours per week at the School because Msgr. Kutner did not categorically and emphatically say "No." If Plaintiff desired a different answer he should have pursed his question more diligently. But in considering the instant motion, the Court must draw all inferences in the Defendants' favor as the nonmoving parties. Liberty Lobby, Inc., 477 U.S. at 255; Harlen Assocs. v. Village of Mineola, 273 F.3d 494, 498 (2d Cir. 2001); D'Amico v. City of New York, 132 F.3d 145, 149 (2d Cir. 1998).

The regulations clearly state that the regular rate of an employee cannot be left to the parties' allegations. (29 C.F.R. § 778.108) Instead it must be drawn from what transpires under the employment contract. The regular rate is the actual non-overtime rate paid the employee for all his hours in the applicable period. Walling v. Youngerman-Reynolds Hardwood Co. 325 U.S. 419 (1945). Thus, it is important to determine if Plaintiff in fact stayed on the job for more than four hours in the school even if he was not working. There is no issue that the flat rate provided for the school work is proper provided it does not drop below the minimum wage. Thus this flat rate covered all regular wages for the school work regardless of the hours Plaintiff was present or actually worked. As the Supreme Court held Walling, "[o]nce the parties have decided upon the amount of wages and the mode of payment the determination of the regular rate becomes a matter of mathematical computation." 325 U.S. at 424.

9

An employer is not obligated to compensate an employee on an hourly basis, but is free to use any basis it so desires. The "regular rate" for overtime computation, however, is an hourly rate. One simply divides the total remuneration by the total hours worked to determine the regular rate. (29 C.F.R. § 778.109) Overtime, though calculated on an hourly rate, can be paid as a fixed amount. (29 CFR § 778.309)  Employers, such as the Defendant, may also pay an employee for a task or piece work without regard to hours without effecting the above calculations. (12 C.F.R. § 778.312)

Hours worked for purposes of computing the regular rate ordinarily are determined by the amount of time spent on duty and not by what is done during that time. See Thomas v. County of Fairfax, 758 F. Supp. 353, 362 (E.D.Va. 1991).  However, overtime premium pay is only due for hours actually worked.  Break times of less than 30 minutes are not considered non-productive time. If non-productive time during a shift is 30 minutes or more without any obligation to perform job responsibilities, it is not mandatory compensatory work time though the employer may pay the employee for this time. See Donovan v. Bel-Loc Diner, 780 F.2d 1113 (4th Cir. 1985). The overtime statute expressly requires compensation for time worked.  The attached affidavit of Carlos Diaz ( Ex. "G") explicitly states that Plaintiff spent much of the time he was allegedly working either away from the school or idle.  Thus, when Plaintiff waited until 9:00 P.M. to lock up the school and performed no work for at least an hour beforehand, he is not entitled to overtime premium for that period though he was paid for such time.

Plaintiff has offered no evidence of what overtime hours he worked other than Msgr. Kutner's alleged statement that plaintiff worked 4 hours. His deposition testimony, wherein for the first time he alleged even longer hours worked, if anything conflicts with his claims in support of the motion. The spreadsheet prepared by counsel is not evidence, as it is rooted on the

presumption of 20 overtime hours per week that is not itself based on any evidence. See Washington, 255 F.3d at 61. Because the answering affidavits establish a genuine issue of fact as to any overtime hours the Plaintiff actually worked, the motion for summary judgment must be denied.

## CONCLUSION

### THE MOTION FOR SUMMARY JUDGMENT SHOULD BE DENIED IN ITS TOTALITY

Dated: Brooklyn, New York
April 29, 2008

Respectfully submitted,

*Richard J. Cea*
Richard J. Cea, Esq. (RC6301)
Wingate, Kearney & Cullen
*Attorneys for Defendant*
45 Main Street, Suite 1020
Brooklyn, New York 11201
Tel. 718-852-5900

11