UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

A. GENAO,

                Plaintiff,

   - against -

BLESSED SACRAMENT SCHOOL a/k/a BLESSED
SACRAMENT ELEMENTARY SCHOOL a/k/a
CHURCH OF THE BLESSED SACRAMENT
SCHOOL & CHURCH OF THE BLESSED SACRAMENT
a/k/a BLESSED SACRAMENT CHURCH,

                Defendants.

Index No. 07cv3979 (RJD)(CLP)

## Pre-Trial Order

(1)    Caption of matter is above.

(2)    Trial Counsel:

David Abrams
305 Broadway, 5th Floor
New York, NY 10007
tel. 212-897-5821
fax 212-897-5811

Richard Cea
Wingate Kearney & Cullen
45 Main Street Suite 1020
Brooklyn, NY 11201
tel. 718-852-5900
fax 718-852-8168

(3)    Omitted per Court's instructions.

(4)    Plaintiff claims that he was not paid a proper overtime premium pursuant to Federal and State Law. The Federal Law at issue is the Fair Labor Standards Act, 29

U.S.C. 201 et seq. The State Law at issue is the New York Minimum Wage Act and the Miscellaneous Wage Order Promulgated thereto, N.Y.C.R.R. Labor Section 138 et seq.

Plaintiff asserts that the Defendant in this matter operated a church and a school and that Plaintiff was employed by both divisions. His claims are based on the allegation that his hours for church and school should have been aggregated for purposes of computing overtime compensation. See 29 C.F.R. 781.2

Plaintiff asserts that the overtime law requires that he be paid 1 ½ times his regular rate of pay for all hours worked in excess of 40 per week. 29 U.S.C. Section 201 et seq.: N.Y.C.R.R. Labor Section 142.

Plaintiff asserts that Mr. Genao's overtime entitlement is calculated by first determining his regular rate of pay, which is the total pay for the week divided by the total hours worked. See 29 C.F.R. 778.308. Second, his overtime rate is calculated at 1 ½ times his regular rate of pay.

Plaintiff asserts that this principle applies when an employee is paid a flat rate for a task outside of his or her normal workweek, i.e. the regular rate is determined by dividing total compensation for the week by the total hours worked for the week. See 29 C.F.R. 778.311 (b).

Plaintiff asserts that the employer bears the burden of avoiding liquidated damages by proving that it took active steps to ascertain its obligation under the Fair labor Standards Act and then act to comply with them. Doubled damages are the norm and single damages are the exception. <u>Herman v. RSR Security Services</u>, 172 F3.d 132 (2nd Cir. 1999)

Plaintiff asserts that the employer has the responsibility of keeping adequate time records and that in the absence of such records, Plaintiff's reasonable estimates are presumptively correct. See Memorandum and Order of September 30, 2008 in this matter at p. 9 n 7.

Defendant asserts that at all times Plaintiff was paid at least 1 ½ times the minimum wage for hours worked in excess of forty (40) hours in accordance with 29 USC Sec 207(a)(1) and 29 USC sec 216.

Defendant asserts: Overtime pay is only due for actual hours worked. The Defendant was free to pay a fixed rate for the hours worked by Plaintiff at its School provided that it did not violate the overtime pay requirement. Overtime, though calculated on an hourly rate, can be paid as a fixed rate (29 C.F.R 778.309). To determine the overtime rate, the Plaintiff's total remuneration must be divided by the actual hours that he worked to determine his average hourly rate. (29 C.F.R 778.109) Employees, such as Plaintiff may also be paid by the task. (29 C.F.R. 778.312)

Defendant contends that Plaintiff worked on the average no more than 2 ½ hours, and often less, in the School and thus the $30.50 paid for each day of work complied with all applicable statutes cited by Plaintiff in that such pay was not less than 1 ½ times Plaintiff's average hourly rate.( Third Defense set forth in Defendant's Answer)

Defendant contends that if it found guilty of not paying overtime, liquidated damages pursuant to 29 U.S.C 216 (b) are not applicable as Defendant has a defense of "good faith and reasonableness"

Defendant's Second Defense set forth in its Answer pertaining to the Statute of Limitations is not an issue as the Parties have agreed to the permissible time frame in item 6 (b)

(5)   This matter is to be tried without a jury and is expected to last no more than 2 days.

(6)   The parties agree that:

(a)   Plaintiff was employed by the Defendant performing custodial work for approximately 19 years until his job ended on November 27 of 2006.

(b)   For statute of limitations purposes, the relevant time periods are August 29, 2001 to November 27, 2006 for Plaintiff's claim under New York State Law; and August 29, 2005 to November 27, 2006 for Plaintiffs claim under federal law.

(c)   During the relevant time periods, the Defendant was a Religious Corporation incorporated under New York State Religious Corporation Law which operated both a church and a school.

(d)   During the relevant time periods, Plaintiff worked full time (approximately 40 hours per week) for the church earning a weekly salary as follows: $390 per week in 2001; $400 per week in 2002; $415 per week in 2003; $423.50 per week in 2004; $433.50 per week in 2005; and $439.50 per week in 2006,

(e)   During the relevant time periods, Plaintiff worked part-time for the school, earning a per diem rate $30.50 per day ($152.50 per week). During the relevant time periods, Plaintiff worked in the School: 80 days over approximately 16 weeks during 2001; 188 days over approximately 40 weeks for the year 2002; 184 days over approximately 40 weeks for the year 2003, 201 days over approximately 40 weeks for the year 2004, 195 days over 40 weeks for the year 2005, and 154 days over 33 weeks for the year 2006.

(f)   His original duties only included work in Defendant's Church and Rectory which consisted of approximately 40 hours of work per week. On occasion, Plaintiff would

work in excess of 40 hours per week in the Church. As to any excess hours worked in the Church, Plaintiff was paid an overtime premium of 1 ½ times his hourly rate.

(7)     Plaintiff intends to testify himself and to call Msgr. Raymond Kutner as a witness in support of his case in chief. Both will testify in person. Defendant has agreed to make Msgr. Kutner available without the need for a trial subpeona.

Defendant intends to present the following witnesses: Msgr. Raymond Kutner, Carlos Diaz, and Plaintiff.

(8)     Plaintiff does not intend to offer any deposition testimony.

Defendant intends to offer the Deposition of Plaintiff, dated February 26, 2008, for impeachment purposes.

(9)     See part (6).

(10)    Plaintiffs Exhibits:

   (a)   Transcript of unemployment proceeding of 8/22/07

   (b)   Defendant's Responses and Objections to Interrogatories (12/7/07)
         Defendant's Exhibits:

   (c)   Defendant's Affidavits in Opposition to Summary Judgment Defendant's Exhibits:

   (d)   Payroll records produced by Defendants

Defendant's Exhibits:

   (a)   Blessed Sacrament Church Payroll "Payroll Summary" as to Plaintiff for the years: 2001, 2002, and 2003.

   (b)   Blessed Sacrament Church Transaction by Payroll Item pertaining to the Plaintiff for the time periods: January through December 2004, January through December 2005, and January through December 2006.

   (c)   Blessed Sacrament School Payroll "Payroll Summary' as to Plaintiff for the years: 2001, 2002, and 2003.

(d). Blessed Sacrament Church Transaction by Payroll Item pertaining to the Plaintiff for the time periods: January through December 2004, January through December 2005, and January through December 2006.

(e) Plaintiff's Deposition, dated February 26, 2008.

Dated: November 24, 2008
New York, New York

*Paw N Aut PA-3126*

David Abrams, Attorney at Law
Attorney for Plaintiff
305 Broadway, 5th Floor
New York, NY 10007
Tel. 212-897-5821
Fax 212-897-5811

Wingate Kearney & Cullen

*Richard J. Ca*

by: Richard Cea, Esq. (6301)
Attorneys for Defendants
45 Main Street, Suite 1020
Brooklyn, NY 11201
Tel. 718-852-5900
Fax 718-852-8168

Dated: November 24, 2008
Brooklyn, New York